BLAS COLÓN ALVARADO, ETC., Plaintiffs and Appellees, *v.* MUNICIPAL CORPORATION OF BARRANQUITAS, Defendant and Appellant.

No. R-64-227.     Decided January 31, 1966.

*J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for appellant. *Amancio Arias Cestero* and *Enrique Leo Henríquez* for appellees.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: In determining that the appellant municipality was liable to plaintiffs-appellees, the trial judge set forth the accident which occurred in the following words: "(1) On October 30, 1962, Jesús Ortiz Jiménez, an employee of the municipality of Barranquitas, in the exercise of his functions as such, was operating a tractor belonging to said municipality to open a road on a farm owned by the plaintiff, Blas Colón Alvarado. At about 9:30 in the morning, Roberto Colón Ortiz, a minor son of Blas Colón Alvarado [he was 16 years old then], went to take coffee to Jesús Ortiz Jiménez and to his assistant, José López. Jesús Ortiz Jiménez stopped the tractor but left the motor running while he drank the coffee brought by Roberto Colón Ortiz. After he drank the coffee and gave the cup to his assistant José López, he continued working. While the tractor operated by Jesús Ortiz Jiménez moved forward, Roberto Colón Ortiz was going to cross from left to right behind the tractor. Suddenly the operator of the tractor, Jesús Ortiz Jiménez, moved backwards throwing the minor, Roberto Colón Ortiz, to the ground and running over him with the chains that impel the tractor." On the basis of these findings, he concluded that the accident was due to the sole negligence of the operator, "who, upon reversing the tractor which he was operating, did not look in that direction and being aware that the minor was there . . . at the place where the work was being carried out, he did not take any precaution to

prevent the accident." He rendered judgment awarding a compensation of $25,000 to the minor, $5,000 to his father and $500 for attorney's fees.

In the present appeal several errors are adduced which in essence (1) allege the lack of liability on the part of the municipality, or in the alternative, the contributory negligence of the injured party; (2) challenge the finding on the unforeseen conduct of the operator in moving the tractor backwards; and (3) they complain that the compensation awarded was excessive.

■ The determination of the trial court to the effect that the operator's conduct upon moving the tractor backwards was unforeseen finds sufficient ground in the evidence, but even though it were not so, such fact by itself would not excuse the defendant municipality from liability. Accepting that the operator's action was not sudden we agree that it was his obligation to anticipate the probability that the minor could be in the neighborhood of the tractor and take the minimum precaution of noticing his presence, either personally or through his assistant. It is merely a case where the criterion of foreseeability comes into play. *Weber* v. *Mejías*, 85 P.R.R. 72 (1962); cf. *Martínez* v. *Comunidad M. Fajardo*, 90 P.R.R. 451 (1964). We are not deciding now, as it is intimated in the dissenting opinion, that in the operation of a tractor it is not invariably required that the operator look backwards every time he tries to reverse it as his usual practice in the work, merely that under the circumstances of this case, such precaution was indispensable, for the presence of the minor must have been noticed since a moment before he had taken food to the operator and his assistant.

■ Now then, the account we have made of the accident indicates that the injured youth was imprudent in putting himself in a dangerous situation. He was not a boy of

tender years, but a lad 16 years old who knew and was acquainted with the way the tractor operated. We shall order that the compensation be proportionately reduced by forty percent.

Taking into consideration the injuries received—fracture of the pelvis, thrypsis of the right femur, fracture of the fibula of the right leg and of the tibia and fibula of the left leg—and other factors, as well as the painful and prolonged treatment, the resulting physiological limitation, and the fact of falling two years behind in his studies, the assessment of the damages is not excessive nor unreasonable. Nor that awarded to the father.

Judgment will be rendered accordingly.

Mr. Justice Ramírez Bages dissented.

Mr. Justice Ramírez Bages, dissenting.

I dissent from the Per Curiam decision rendered in this case, particularly from the conclusion to the effect that "it was his obligation (of the operator of the tractor) to anticipate the probability that the minor could be near the tractor and take the minimum precaution of noticing his presence, either personally or through his assistant." In my opinion the evidence does not support this conclusion.

The injured party, a lad 16 years old, originally described the accident in question as follows:

"I went and gave the breakfast to the assistant and the assistant gave it to the operator and then the latter again gave the cups to the one who brought him the breakfast and then he gave them to me and I went to the rear of the machine and he started the machine and drove forward and, as it was moving forward, I crossed and he moved the machine and knocked me down."

On cross-examination the injured party testified that the tractor had the shovel facing his father's house from which the victim came out with the breakfast for the operator of the tractor; that he approached from the left; that when the cups were returned to him he went "back to gather the utensils and put them in order"; that then the driver moved the tractor "forward and when I saw that it was moving forward I tried to cross and suddenly he moved backwards and knocked me down." Then he said: "He moved forward a little and when I was going to cross he moved backwards"; that he moved forward about eight feet. Later on he testified that "I saw it moving forward and then, when I looked, when I was going to cross he moved backwards; it was coming backwards then and knocked me down." I went there, to the rear because it [the tractor] was moving forward"; that before the accident the tractor made several backward and forward movements carrying and pushing material; that after they drank their coffee it moved once forward and backwards causing the accident.

The operator of the tractor, Ortiz Jiménez, testified that on the day of the accident he was operating the tractor on the farm owned by Blas Colón in the service rendered by the Municipality in constructing roads on farms; that the municipality serves the machine and the farmer the food; that when the victim arrived he stopped the tractor facing the house; that the victim came by the right side which is the side of the slope where his assistant was receiving the coffee and gave it to the witness, the minor remaining on the ground; that after drinking his coffee he continued working operating the tractor backwards and forward for 10 or 15 minutes until the accident occurred; that the operation was performed several times after drinking the coffee and before the accident occurred; that on one of the occasions when moving backwards the assistant who "was with his back towards the machine, that is, facing that way towards

the fence" called his attention to the accident; that after drinking his coffee he did not see the minor when he left the place until he saw him under the machine when the witness stopped the motor because he heard the uproar caused by the accident; that the machine moves slower when going backwards than when going forward.

It is evident that there was a conflict between the minor's testimony and that of the tractor operator in two fundamental aspects of the facts which caused the accident, that is to say, as to whether the accident occurred the first time that the tractor was moved backwards after its operator finished drinking the coffee, and as to whether the tractor moved backwards again suddenly. It is, therefore, necessary to examine the whole evidence to determine whether the conclusion of the court, that the accident occurred the first time that the tractor was suddenly moved backwards after taking their breakfast and that the accident was due to the sole fault and negligence of the tractor operator, constitutes the most rational, fair, and juridical balance of the entire evidence, as we said in *Sanabria* v. *Heirs of González*, 82 P.R.R. 851, 965 (1961), and reaffirmed in *Maryland Casualty Co.* v. *Quick Construction Corporation*, 90 P.R.R. 323 (1964). We do not think so, for the following reasons:

In the first place, the element of impetuosity, of precipitation, and of the unexpected and unforeseen backward movement of the tractor immediately before the accident did not appear in the original version of the accident offered by the minor.

In the second place, the minor testified that before the accident he saw that the tractor worked by moving forward and then backwards, carrying and pushing material in the way that type of tractor operates; that when he approached the tractor, its shovel, that is, its front was facing the house from which he came and this was affirmed by the tractor operator. Then the victim, instead of going away from the

side of the tractor by walking in front of it to go to his house, in which case the operator would have seen him, inexplicably went behind the tractor "to gather the utensils and put them in order." It is logical to assume that after finishing his breakfast, the operator resumed his work moving the tractor forward and backwards and that this had to be anticipated by the injured party, for he had seen it and he knew that the tractor operated that way. As the victim had to walk a fortiori along the side of the tractor to go to the rear thereof and, meanwhile, the operator resumed his work, it does not seem possible that the accident occurred the first time that the tractor moved backwards after they had finished breakfast. Neither does it seem credible that the backward motion was "unforeseen" as the court described it, since no reason was adduced to justify the conclusion that when the accident occurred the tractor was moved backwards in a way different from the usual one, that is, slower going backwards than forward. In our opinion, what the evidence shows is that as soon as the operator finished drinking his coffee, he resumed the typical forward and backward movement of the tractor and that the injured minor, by a reaction characteristic of his youth, decided to cross behind the tractor and tried to do so while it moved forward, with such bad luck that before he had finished crossing, the tractor moved backwards again and reached him, knocked him down, ran over him producing the injuries which give rise to his claim. We do not believe that the operator was negligent in moving the tractor backwards without looking in that direction "being aware that the minor was present in the place where the work was being carried out." If he saw the minor at the side of the tractor which was facing the house from which the latter came, it was logical that the minor would return to his house by walking ahead. Nobody expected the minor to go behind the machine and much less that he would cross there while the tractor was operated in the usual and

regular manner which obviously does not require the operator to look backwards each time he retreats as is usually done in his work. In my opinion the accident in question was an unfortunate event rather caused by the imprudence of a youth 16 years old, who despite the fact of knowing and being acquainted with the way the tractor in question worked, tried to cross behind it in one of its forward movements being injured by the machine in its backward movement when the minor had not finished crossing. It is possible that the minor started crossing too late after the machine was moving forward, or might have miscalculated the distance that the tractor would move forward, or that on that precise instance it moved in that direction a shorter distance than the usual one, so that the minor had less time than he expected to cross at the pace or rhythm he attempted.

For the foregoing reasons, in my opinion the judgment rendered in this case should have been reversed and another rendered dismissing the complaint.